**ORIGINAL**

# In the United States Court of Federal Claims

No. 14-407 C

Filed: October 20, 2014

FILED
OCT 20 2014
U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| SKYE VEHR, | |
| Plaintiff, *pro se*, | Jurisdiction; |
| v. | Motion to Dismiss, RCFC 12(b)(1), RCFC 12(b)(6); |
| THE UNITED STATES, | *Pro Se*. |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Ms. Skye Vehr**, Washington, D.C., Plaintiff, *pro se*.

**Elizabeth Anne Speck**, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C. for Defendant.

## MEMORANDUM OPINION AND FINAL ORDER

**BRADEN**, *Judge*.

### I. RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY.[1]

On May 12, 2014, Skye Vehr ("Plaintiff") filed a Complaint in the United States Court of Federal Claims that Plaintiff is a "conscientious objector" and owns a "park." Compl. at 1. On the same day, Plaintiff also filed an Application to Proceed *In Forma Pauperis* that the court granted by a May 28, 2014 Order. The court's May 28, 2014 Order was returned to sender on October 7, 2014.

On July 11, 2014, the Government filed a Motion to Dismiss pursuant to Rule 12(b)(1), 12(b)(6).

---

[1] The relevant facts discussed herein were derived from Plaintiff's May 12, 2014 Complaint ("Compl.").

## II. DISCUSSION.

### A. Jurisdiction.

The United States Court of Federal Claims has jurisdiction under the Tucker Act, 28 U.S.C. § 1491, "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976).

Therefore, to pursue a substantive right under the Tucker Act, a plaintiff must identify and plead an independent contractual relationship, Constitutional provision, federal statute, and/or executive agency regulation that provides a substantive right to money damages. *See Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act . . . ."); *see also Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc*) ("The Tucker Act . . . does not create a substantive cause of action; . . . a plaintiff must identify a separate source of substantive law that creates the right to money damages. . . . [T]hat source must be 'money-mandating.'"). Specifically, a plaintiff must demonstrate that the source of substantive law upon which he relies "'can fairly be interpreted as mandating compensation by the Federal Government.'" *United States v. Mitchell*, 463 U.S. 206, 216 (1983) (quoting *Testan*, 424 U.S. at 400). And, the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question . . . . [the plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.").

### B. Standard of Review for Pro Se Litigants.

*Pro se* plaintiffs' pleadings are held to a less stringent standard than those of litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"). This court traditionally examines the record "to see if [a *pro se*] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 412 F.2d 1285, 1292 (Ct. Cl. 1969). Nevertheless, while the court may excuse ambiguities in a *pro se* plaintiff's complaint, the court "does not excuse [a complaint's] failures." *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

### C. Standard of Review for a Motion to Dismiss Pursuant to RCFC 12(b)(1).

A challenge to the United States Court of Federal Claims' "general power to adjudicate in specific areas of substantive law . . . . is properly raised by a [Rule] 12(b)(1) motion." *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1)

(allowing a party to assert, by motion, "lack of subject-matter jurisdiction"). When considering whether to dismiss an action for lack of subject matter jurisdiction, the court is "obligated to assume all factual allegations [of the complaint] to be true and to draw all reasonable inferences in plaintiff's favor." *Henke*, 60 F.3d at 797.

### D. Standard of Review for a Motion to Dismiss Pursuant to RCFC 12(b)(6).

A challenge to the United States Court of Federal Claims' "[ability] to exercise its general power with regard to the facts peculiar to the specific claim . . . is raised by a [Rule] 12(b)(6) motion[.]" *Palmer,* 168 F.3d at 1313; *see also* RCFC 12(b)(6) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading . . . . But a party may assert the following defenses by motion: . . . (6) failure to state a claim upon which relief can be granted[.]").

When considering whether to dismiss an action for failure to state a claim, "[t]he court must assess whether the complaint adequately states a claim and whether plaintiffs can allege 'facts plausibly suggesting (not merely consistent with)' a showing of entitlement to relief." *Hutchens v. United States,* 89 Fed. Cl. 553, 562 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). The plaintiff's factual allegations must be substantial enough to raise the right to relief "'above the speculative level,'" accepting all factual allegations in the complaint as true and "'indulg[ing] all reasonable inferences in favor of the non-movant.'" *Id.* (quoting *Twombly* 550 U.S. at 555; *Chapman Law Firm v. Greenleaf Const. Co., Inc.*, 490 F.3d 934, 938) (Fed. Cir. 2007)).

### E. The Government's July 11, 2014, Motion to Dismiss.

#### 1. The Government's Argument.

First, the Government's Motion argues that even when viewed in the most deferential light possible, the Complaint fails to articulate a claim that is within the court's jurisdiction and should be dismissed under RCFC 12(b)(1). *See* Gov't Mot. at 2–3, 4–7.

Second, the Government's Motion argues that Plaintiff's Complaint should be dismissed pursuant to RCFC 12(b)(6) for failure to state a claim. *See* Gov't Mot. at 3–4, 7–8. The Complaint is vague, difficult to understand, and does not articulate any facts sufficient to support a claim for relief. *Id.* at 7. Even if assumed to be true, none of the facts in the Complaint establishes a violation of any statute, regulation, or contract entitling Plaintiff to relief from the court. *Id.* at 7–8.

#### 2. Plaintiff's Response.

Plaintiff failed to respond to the Government's Motion.

#### 3. The Court's Resolution.

The Complaint fails to allege any facts or identify any source of law that creates a right to recover money damages from the Government to establish the court's subject matter jurisdiction. *See* RCFC 12(b)(1) (requiring that the plaintiff bear the burden of establishing jurisdiction by a

preponderance of the evidence); *see also Reynolds*, 846 F.2d at 748 ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question it [is] incumbent upon [plaintiff] to come forward with evidence establishing the court's jurisdiction.").

In addition, the May 12, 2014 Complaint fails to state a claim upon which relief can be granted. The United States Supreme Court has held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The May 12, 2014 Complaint does not contain sufficient facts to state a claim to relief in this court. The May 12, 2014 Complaint, however, consists of vague allegations about a park and Plaintiff's status as a "conscientious objector," that do not state a concise claim and present generalized grievances. As such, the May 12, 2014 Complaint does not meet the standard required by RCFC 12(b)(6).

### III. CONCLUSION.

For these reasons, the Government's July 11, 2014 Motion to Dismiss is granted, pursuant to RCFC 12(b)(1) and 12(b)(6). Accordingly, the Clerk is directed to dismiss Plaintiff's May 12, 2014 Complaint.

**IT IS SO ORDERED.**

SUSAN G. BRADEN
**Judge**